*592
 
 Battle J.
 

 The question presented by the pleadings and bill of exceptions is one of much practical importance, though of no great difficulty. The principle upon which the decision must turn is clearly stated by the Court of Exchequer in the case of
 
 Marston
 
 v. Allen, 8 M. & W. 494. It is there said that “the law merchant, for the purpose of currency and the advantages flowing from an unchecked circulation of bills of exchange, no doubt provides that a
 
 bona fide
 
 holder for value shall not be affected by an intermediate fraud. We do not indeed adopt the proposition that the previous party to the bill is estopped irom setting up the defence of fraud against the claim of a
 
 bona fide
 
 holder for value. We think it better to say that, by the law merchant, every person having possession of a bill has (notwithstanding any fraud on his part, either in acquiring or transferring it) full authority to transfer such bill, but with this limitation that, to make such transfer valid, there must be a delivery, either by him or by some subsequent holder of the bill, to some one who receives such bill
 
 bona fide,
 
 and for value received, and who is either himself the holder of it, or a person through whom the holder claims.” Promissory notes are, by the 3 and 4 Ann in England, and here by our act of 1762, (Code, c. 13, s. 1) assignable and endorsable in like manner as bills of exchange, 2 Bl., 467; and there can be no doubt that the principles above enunciated, as to the transfer of bills of exchange, apply equally to the endorsement of promissory notes. As it appears from the testimony set forth in the bill of exceptions, that the plaintiff took the note in controversy, under the endorsements of the defendants Henry E. Stallings and John P. Jordan,
 
 bona fide
 
 and for full value paid to Jordan, the last endorsee, he cannot be affected by any fraud practiced by Jordan upon the other endorser. The latter, by placing his name upon the back of the note, and handing it to Jordan, enabled him to transfer it to the plaintiff, who
 
 *593
 
 being an innocent purchaser for value “shall not be affected by an intermediate fraud.”
 

 But it is objected further that the plaintiff received the note from Jordan after it was due,'and was therefore, bound by any defence which was good against Jordan in favor of his endorser. The rule of law thus invoked by the defend-' ant Henry E. Stallings is one which interposes for the protection of the maker, when sued by an endorsee of a note which was over due when he received it. The ground of it is, that when a note falls due, the maker ought to provide for the payment of it in money or counter demands. “It is a presumption that he will do so, and that he has done so; and after it is due that he has paid it, or is not bound to pay. The dishonor of the note puts every one on his guard, and, he who takes it in that state, without communication with the maker, takes it at his own risk, and ought to stand in the shoes of the former holder.
 
 Haywood
 
 v.
 
 McNair,
 
 2 Dev. & Bat. 283. It is manifest that the principle of this defence cannot apply as between endorsers and endorsee • in a case like the present, where the note was made payable one day after date with interest from date, and both the endorsements were made after the note became due. Itwas certain that the parties to the note intended that it might circulate after it was due, and the payee who put it in a situation to be circulated by putting his name on' the back of it, ought no more to be protected from the claim of a subsequent
 
 Iona fide
 
 purchaser for value, than would be the endorser of a bill of exchange not yet due, as against an innocent holder for value. If over due promissory notes be assignable at all by endorsement, as they undoubtedly are, then the unchecked circulation of them must be upheld by the same principles of policy as we learn from the case of
 
 Marston
 
 v.
 
 Allen
 
 are applied to bills of exchange.
 

 
 *594
 
 For the reasons stated above, we are of opinion that his Plonor erred in admitting the testimony of what passed between the defendants Henry E. Stallings and John P. Jordan for the purpose of affecting the claim of the plaintiff, and for this error there must be a
 
 venire de novo.
 
 This renders it unnecessary to notice the other points made on the argument by the plaintiff’s counsel.
 

 The judgment must be reversed and a new trial ordered.
 

 Per Curiam.
 
 Venire de novo.